IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| ALVIN C. MISER, individually, and on behalf of all others similarly situated, § § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO.: 3:11cv412 |
| § § | |
| PARKER HOME IMPROVEMENT, LLC § § | JURY TRIAL DEMANDED |
| Defendant. § § § § | |

## COMPLAINT

Plaintiff, Alvin C. Miser, individually, and on behalf of all others similarly situated, (hereinafter "Plaintiff"), brings this action for overtime compensation and other relief against Parker Home Improvement, LLC (hereinafter collectively "Defendant"), under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and hereby states and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to FLSA § 216(b) by Plaintiff on behalf of himself and all others similarly situated for purposes of obtaining relief under the FLSA for unpaid wages, overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. This action is brought pursuant to the collective action provision of the FLSA found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which has deprived the named Plaintiff as well as others similarly situated to the named Plaintiff of their lawful wages.

3. The material time for the claims under the FLSA in this case is the three-year period prior to the date of Plaintiff's Complaint and the period of additional time, if any, that Plaintiff's and other similarly-situated employees' claims were tolled or extended by agreement of Defendant, by equity, or by operation of law.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

6. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. At all times pertinent to this Complaint, Defendant, in conjunction with its respective divisions, subsidiaries or affiliates of their Virginia location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and (s). The annual gross sales volume of Defendant exceeds $500,000.00 per annum.

## PARTIES

7. Defendant Parker Home Improvement, LLC is a Virginia Limited Liability Company whose principal office is located at 10442 Crooked Branch Terrace; Richmond,

2

Virginia and whose primary business is to provide installation services of hardwood and laminate flooring in the Commonwealth of Virginia.

8. Plaintiff Alvin C. Miser is a resident of and is domiciled in Nottoway County, Virginia.

9. For the entirety of his employment with Defendant, or from on or around June 1, 2009, to on or around August 20, 2010, Plaintiff Alvin C. Miser was an employee of the Defendant and worked for Defendant as an installer.

10. Defendant through itself or other unknown entities, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of the Plaintiff. In the alternative, Defendant and each of its respective divisions, subsidiaries or affiliates, however constituted for the locations at issue, was the employer of Plaintiff and commonly controlled the terms of compensation and employment of Plaintiff.

## COLLECTIVE ACTION

11. Upon information and belief, Defendant currently employs and has employed numerous other people with the same job duties and functions as the Plaintiff.

12. Defendant has subjected the Plaintiff as well as others similarly situated to him to the same compensation and time-keeping practices.

13. Defendant has failed to pay the Plaintiff as well as others similarly situated to him the lawful overtime premium pay required by the FLSA.

14. These other similarly-situated employees and former employees of Defendant would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to

Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all current and former persons employed as installers by Defendant who have been employed by the Defendant within the applicable limitations period and who have been improperly compensated in violation of the FLSA would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

## ALLEGATIONS

15. At all times material herein, Plaintiff and others similarly situated to him have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

16. At all times during their employment with Defendant, Plaintiff and others similarly situated to him performed non-exempt tasks.

17. The real and primary function of Plaintiff and others similarly situated to him as employees of Defendant was to perform non-exempt tasks, including the installation of hardwood flooring, carpeting and vinyl.

18. Plaintiff and others similarly situated to him frequently worked alone or with only one other installer. When a job on which an Installer was working required the help of more than two installers, Plaintiff frequently worked alone on the task to which he was assigned.

19. Plaintiff and others similarly situated to him had no responsibility to manage other Installers. Plaintiff did not hire, fire, set rates of pay for, set schedules for, or otherwise manage other employees of Defendant.

20. Plaintiff and others similarly situated to him do not meet the exemption outlined in § 213(a)(1) of the FLSA because he did not work in a bona fide executive, administrative or professional capacity while employed by Defendant.

21. Plaintiff and others similarly situated to him were regularly required to work over forty (40) hours per workweek, but did not receive one-and-one half times their regular rates of pay for all hours worked over forty (40) in a workweek for the duration of their employment with Defendant.

21. Plaintiff and others similarly situated to him often worked during their lunch breaks yet a half-hour was deducted from their time regardless of whether they were completely relieved of their duties during their lunch breaks.

22. Plaintiff and others similarly situated to him were not paid for travel time to and from Defendant's shop to the homes of the customers where they performed installations.

23. Each day of Plaintiff's employment with Defendant, he and other similarly situated employees were required to report to Defendant's principal place of business to load tools and equipment prior to traveling to each jobsite.

24. At the end of each work day, Plaintiff and others similarly situated to him returned to Defendant's principal place of business after leaving the jobsite and prior to returning home.

25. Plaintiff and other similarly situated employees were not paid for any time they spent traveling from Defendant's principal place of business to the jobsites where they worked.

26. Plaintiff was not paid for any time he spent returning from the jobsites where he worked to Defendant's principal place of business.

27. Defendant failed to comply with 29 C.F.R. § 785.38 which requires that travel which is part of an employee's principal activity must be counted as hours worked.

28. Defendant violated the FLSA by failing to pay Plaintiff and others similarly situated to them overtime wages for all hours worked over forty (40) in every workweek.

29. Defendant has further violated the FLSA by failing to maintain adequate records pursuant to 29 U.S.C. §§ 211(c) and 215 and 29 C.F.R. § 516.

30. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

31. As a result of the Defendant's violations of the FLSA, the Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive nonexempt compensation in accordance with § 207 of the FLSA.

32. Defendant's actions in failing to properly compensate the Plaintiff, as well as other similarly situated employees and former employees in violation of the FLSA, were willful.

33. Defendant has not made a good faith effort to comply with the FLSA because Defendant is aware of the non-exempt status of the Plaintiff and others similarly situated to him and has continued to not pay them for all hours worked in a given workweek.

WHEREFORE the Plaintiff, Alvin C. Miser, individually, and on behalf of all other similarly-situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

a. That at the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees in all locations within the United States during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, of the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b);

b.  That the Plaintiff and others similarly situated to him be awarded damages in the amount of their unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

c.  That the Plaintiff and others similarly situated to him be awarded their reasonable attorney's fees, including the costs and expenses of this action;

d.  That the Court issue an Order pursuant to 29 U.S.C. § 217 directing the Defendant to maintain adequate records of, among other things, Plaintiff's hours worked and overtime pay pursuant to 29 U.S.C. §§ 211(c) and 215 and 29 C.F.R. § 516; and

e.  That the Court award such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Virginia and Federal law.

Dated: June 23, 2011

Respectfully submitted,

*/s/ J. Allen Schreiber*
J. ALLEN SCHREIBER (VSB#79397)
JOANNA L. SUYES (VSB#74226)
MARKS & HARRISON P.C.
1500 Forest Ave.
Richmond, VA 23229
Phone: (804) 282-0999
Fax: (804) 288-1330
aschreiber@marksandharrison.com
jsuyes@marksandharrison.com